*Orran & Ellis, for appellant. McFarland, for appellee.*

---

WILLIAM L. GRANT *v.* ELLEN M. GRAHAM, ET AL.

**Judgment—Parties to Judgment.**
    Only those persons who are parties to an action in which judgment is entered are bound by the judgment.

**Guardian's Sale of Real Estate.**
    Where a ward's real estate is sold in pursuance of a judgment in a suit where only a part of the owners were made parties, it is erroneous to commit the purchaser to jail for contempt of court in refusing to pay the whole of the purchase money.

APPEAL FROM KENTON CHANCERY COURT.

October 29, 1877.

OPINION BY JUDGE ELLIOTT:

This was a suit at equity brought by Ellen M. Graham, guardian of Ella and Eugenia Graham, and H. F. Bowen, guardian of William Graham, and George and John Graham, who had arrived at the age of twenty-one years. The object of the suit was to sell a house and lot in Covington belonging to the heirs-at-law of William Graham, deceased, under Chapter 86 of the Revised Statutes.

Commissioners were appointed to value the estate of the infant heirs of William Graham, deceased, as well as the annual profits

thereof, who correctly reported the value of the real estate of the petitioners, but failed to report the net annual profits of it with anything like accuracy.

Afterward Kennedy filed a petition to be made a party and stated that he had been appointed guardian of Ella and Eugenia Graham instead of Ellen M. Graham, who had resigned. Kennedy was not, however, made a party by any order of court, and in this state of the preparation, and without any evidence of the death of William Graham, or the number and names of his heirs-at-law, or the guardianship of Bowen or Kennedy, a judgment was entered directing the house and lot to be sold, and appellant became the purchaser at the price of $3,500.

By the fifth sub-section of Art. 3, Chap. 86, Rev. Stat., it is provided that "all the persons interested in the land, and the statutory guardians of the infants, if any, who are not petitioners, must be made parties." As neither Ella, Eugenia nor William Graham, Jr., were made parties to the suit, and for other irregularities, the appellant refused to pay the last instalment on his purchase, and for his refusal was adjudged to be in contempt and ordered to jail, and from this judgment he has appealed.

The sale to appellant was confirmed, and although the proceedings were erroneous, they were not void as to the interest of George and John Graham in the land, and no appeal has been taken from the judgment confirming the sale of the land bought by appellant.

We are, however, of opinion that, as to the interest of Ella, Eugenia and William Graham in the land sold, the sale was void and failed to vest their title in the purchaser, because they were neither of them made parties to the suit, which was brought by persons who called themselves their guardians.

It seems to us, therefore, that, as these three infants were not before the court, the only title appellant acquired by his purchase was that of Ellen M. Graham and George A. and John Graham, all of whom were petitioners, and he should only be required to pay what their interests bear to the whole amount paid for the house and lot.

The judgment committing the appellant was erroneous also in failing to fix the sum still due on his purchase. It appears that he had made several partial payments on his bonds, and although a commissioner reported the balance due from appellant the court failed to confirm his report.

On the return of the case the court should ascertain the value of the widow's dower and fix the proportion it and the interests of John

and George Graham bear to the entire property valued at $3,500, and if appellant still owes anything for these interests he should be required to pay it. Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*T. F. Hallam, for appellant.*